IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'SHAUN JAMAR BUTLER,

          Plaintiff,

          vs.                                  CIVIL ACTION
                                              No. 10-3196-SAC

MEGAN FISHER,

          Defendant.

## ORDER

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a pretrial detainee confined in a detention facility in Johnson County, Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff claims a Johnson County prosecutor maliciously charged plaintiff with felony offenses not supported by the facts in light of the victim's recantation and refusal to press

charges. Johnson County Assistant District Attorney Fisher is the sole defendant named in the complaint. Plaintiff seeks damages from this defendant for plaintiff's false imprisonment and for the pain and suffering by plaintiff and his family. Plaintiff also seeks the termination of defendant Fisher's employment.

As it appears plaintiff's criminal charges are still pending in the state courts, this court's intervention is barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). See also *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir.1996)(court can raise issue of *Younger* abstention sua sponte).

The Younger abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger*, 401 U.S. at 46-55, abstention is both appropriate and mandated whenever there are (1) ongoing state proceedings (2) which implicate important state interests(3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir.1989).

In the present case, the three conditions for *Younger*

2

abstention are met, and plaintiff's bare and conclusory claim that the defendant prosecutor intentionally overcharged the criminal offenses is insufficient to trigger any of the *Younger* exceptions. Accordingly, the court finds the case should be dismissed without prejudice.

Plaintiff is further advised the defendant prosecutor is entitled "to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)(internal quotations omitted). Such activities include the preparation and filing of the charging documents. *Kalina v. Fletcher*, 522 U.S. 118 (1997). A complaint seeking monetary relief from a defendant immune from such relief is subject to being summarily dismissed. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(iii).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 15th day of December 2010 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge